**MARVIN A. COOPER, P.C.**
ATTORNEYS AT LAW

MARVIN A. COOPER (1931-2005)
WILLIAM H. COOPER

175 MAIN STREET · SUITE 706
WHITE PLAINS, NEW YORK 10601
(914) 428-9200
FAX (914) 428-4126

MEMO ENDORSED

MOUNT VERNON TELEPHONE
(914) 664-0012

BRONX TELEPHONE
(718) 405-9700

RECEIVED OCT 11 2007 USDC-WP-SDNY

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

October 9, 2007

*Via Mail & Electronic Filing*
Attn: Hon. Kenneth M. Karas
United States District Court Judge
USDC/Southern District NY
300 Quarropas Street, 5th Floor
White Plains, NY 10601

      Re: **Lathrop v. DeTuya**
         **Docket #: 07 CIV 3181 (KMK)(MDF)**
         **Choice of Law Issue**

Dear Honorable Justice Karas:

  It is not often that my office appears in court to find that the court has so thoroughly and intelligently reviewed the issue scheduled to be discussed. It is with that premise that I must thank the court in advance for Your Honor's fair and reasonable analysis in considering the "choice of law issue" in the above-captioned matter of Lathrop v. DeTuya. The plaintiff respectfully disagrees with the court's stated conclusion the underlying facts do not give rise to the State of New York (the situs) having an "equal interest in enforcing its laws" with the States of Connecticut and New Jersey in the case at bar due to the fact that both the plaintiff and defendant vehicles were from states which have a different comparative fault statute than that of New York State. Accordingly, the plaintiff strongly believes that "the situs of the tort is appropriate as [the] tie breaker" and New York State's comparative fault law should be applied to the case at bar.

  The plaintiff fully appreciates, understands, and recognizes the validity of the case law cited by Your Honor; however, we would respectfully ask the court to reconsider the underlying facts in applying the "tie breaking" formula as set forth in Smith v. Boyer, et al., 2006 US District. Lexus 48379, as per my letter to the court dated September 4, 2007. Accordingly, the plaintiff will not waste the court's time by setting forth a redundant and/or repetitive argument or regarding the position of the plaintiff, which the court has already so carefully considered in this matter.

  On behalf of the plaintiff, we look forward to Your Honor reaching a final decision regarding the "choice of law" in the case at bar and, regardless of the court's decision, our office anticipates

-2-

moving forward with our fair representation of the injured plaintiff, Kimberly Lathrop.

Thank you for your attention to this matter.

Very truly yours,

William H. Cooper

WHC/bac
cc: John Kondulis, Esq.

> The Court has carefully considered Plaintiff's arguments and has read Smith v. Bayer, 05 CV 6187, 2006 WL 2008700 (SDNY July 17, 2006) (several times). However, Smith, in mentioning that the situs of the tort can be a tie-breaker, does not address the situation present in this case, namely that the laws of the jurisdictions of the out-of-state parties on fault allocation are (as Plaintiff concedes) the same. Accordingly, it would advance the substantive law of the competing jurisdictions "without impairing the smooth working of the multi-state system." See Neumeier v. Kuehner, 286 N.E. 2d 454 (1972). This is precisely what other courts have held in similar circumstances. See McDuffie v. Wilner, 415 F. Supp. 2d 412, 422-23 (SDNY 2006); Diehl v. Ogorewac, 836 F. Supp. 68, 73 (EDNY 1993). Therefore, it is New Jersey and Connecticut law, using the interest analysis test, that governs the fault comparison calculus in this case.
>
> SO ORDERED
> KENNETH M. KARAS U.S.D.J
> 10/23/07